UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLAKE NASH, on behalf of himself
and all others similarly situated,

      Plaintiff,

v.    Case No: 2:13-cv-578-FtM-29CM

NAPLES TRANSPORTATION &
TOURS, LLC and RANDALL
SMITH,

      Defendants.

## REPORT AND RECOMMENDATION[1]

Before the Court are the parties' Second Joint Motion for Approval of Settlement Agreement (Doc. 23) and the FLSA Overtime Settlement Agreement and Release (Doc. 23-1), filed on March 21, 2014. Plaintiff Blake Nash ("Nash") and Defendants Naples Transportation & Tours, LLC ("NT&T") and Randall Smith previously informed the Court that they have settled Plaintiff's Fair Labor Standards Act ("FLSA") claim, and requested that the Court approve the parties' proposed settlement agreement and enter an order dismissing this case with prejudice. Doc. 21. The prior motion for approval was denied without prejudice to the parties refiling a proposed agreement that was signed by counsel for both parties and did not

---

[1] Written objections may be filed within fourteen (14) days from the date of filing this Report and Recommendation. A failure to file timely objections waives a party's right to *de novo* review. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72; M.D. Fla. R. 6.02(a).

include a confidentiality provision.  *See* doc. 22.  The parties have revised the settlement documents pursuant to the Court's prior Order, and, for the reasons set forth herein, the Court now recommends that the settlement be **APPROVED.**

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  There are two ways for a claim under the FLSA to be settled or compromised.  *Id.* at 1352-53.  The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id.* at 1353.  The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages.  *Id.*  When the employees file suit, the proposed settlement must be presented to the district court for review and determination that the settlement is fair and reasonable.  *Id.* at 1353-54.

The Eleventh Circuit has found settlements permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> Provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Nash brings this claim pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, seeking recovery of minimum wages, overtime wages, liquidated damages, and reasonable attorneys' fees and costs arising out of his employment as a driver for Defendant NT&T from approximately March 2011 through March 2012. Doc. 1 at 1-2. The parties state that "[a]s of the date of reaching the proposed settlement, disputed issues of fact and law exist as to the Plaintiff's FLSA claim against Defendants." Doc. 23 at 3. In light of the disputed issues, and to avoid incurring the increased expense of prolonged litigation, however, the parties have reached a settlement that represents "an amount defendants are willing to pay and Plaintiff is willing to accept in order to bring all of Plaintiff's pending wage related claims to an end." *Id.*

Defendants have agreed to pay Nash $3,000.00 as a compromised settlement of his wage-related claims and liquidated damages. Doc. 23 at 2, 3. Defendants have further agreed to pay $4,500.00 to Plaintiff's counsel, the Berke Law Firm, P.A., representing $3,913.41 for attorney's fees and $586.59 for costs, specifically, for reimbursements in the amounts of $400.00 to the Court for the filing fee and $186.59 to the U.S. Marshal for service on Defendant Randall Smith. *Id.* at 2. Plaintiff's counsel expended a total of twelve (12) hours in this case at the time of settlement, at an hourly rate of $350.00, and the total number of paralegal hours were 5.3 at an hourly rate of $125.00, but "Plaintiff's attorney's fees and costs were reduced for the purposes of reaching an amicable resolution of this matter." Doc. 23 at 2-3. The parties advise that Plaintiff's attorney's fees for this case were negotiated separately

and without regard to the amount paid to Plaintiff, and that Plaintiff's recovery was not adversely affected by the amount paid to his attorney.  Doc. 23 at 2.

Pursuant to *Bonetti v. Embarq Management Company*,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009).

Although the Court must consider the reasonableness of any award of attorney's fees, it is not required to conduct an in-depth analysis of the award unless it is unreasonable on its face.  *Bodnar v. Gourmet Hut, Inc.*, No. 3:13-cv-709-J-34JRK, 2014 WL 757981, *3 n.4 (M.D.Fla. Feb. 26, 2014) (order adopting report and recommendation).  The fee in this case appears to be reasonable, and the parties represent that "the agreed-upon terms of the proposed settlement are fair and reasonable in light of the relevant factors."  Doc. 23 at 4.

Thus, the Court, having reviewed the settlement documents (Doc. 23-1), concludes that the settlement appears to be a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1.      The parties' Second Joint Motion for Approval of Settlement Agreement (Doc. 23) be **GRANTED** and the FLSA Overtime Settlement Agreement and Release (Doc. 23-1) be **APPROVED**; and

2.      The Court enter an Order adopting the Report and Recommendation and dismissing the case.

**DONE** and **ENTERED** in Fort Myers, Florida on this 2nd day of April, 2014.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:

The Honorable John E. Steele
United States District Judge

Counsel of record